**EXHIBIT D**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES LAFOREST, HENRIETTA LAFRINERE,
ROBERT LINTZ, RALPH MINER, LAVERNE
SPENCER and IRENE WESOLOWSKI,
individually and as a class of persons similarly
situated,

        Plaintiffs,

-vs-

HONEYWELL INTERNATIONAL, INC.,
a Delaware corporation,

        Defendant/Third-Party Plaintiff,

-vs-

MOTOR COMPONENTS, L.L.C., BAM
ENTERPRISES, INC., MARK IV INDUSTRIES,
INC., and ARVINMERITOR, INC.,

        Third-Party Defendants
_____/

Case No. 03-CV-6248T

Honorable Michael A. Telesca
U.S. District Judge

Honorable Marian W. Payson
U.S. Magistrate Judge

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING
TO BE HELD TO APPROVE THE PROPOSED SETTLEMENT**

TO:    Certain retirees and surviving spouses from three former Bendix plants in Michigan and Elmira, New York

**THE CLASS**

This Court has ruled that this litigation may proceed and be maintained as a class action pursuant to Rule 23 (b)(2) of the Federal Rules of Civil Procedure on behalf of the individuals

1

identified in Exhibit F attached to this notice (the "Class"). Generally, the Class[1] consists of retirees and surviving spouses from three former Bendix plants in Michigan and Elmira, New York.

## NATURE OF THE ACTION

This litigation concerns health care and life insurance benefits for members of the Class. Certain Class Members filed it in August 2002 in the United States District Court for the Eastern District of Michigan shortly after Motor Components LLC ("Motor Components") announced that it would be modifying the health care and life insurance benefits of the Class on September 1, 2002.

They alleged that Honeywell International Inc. (Honeywell") was the successor to Bendix Corporation and that their rights under a guaranty Bendix had made them on April 1, 1976 ("Bendix Guaranty") would be triggered when Motor Components modified their benefits by: 1) eliminating life insurance benefits; 2) requiring those who were Medicare-eligible to pay a monthly co-pay of $25 for health care; 3) eliminating health care coverage for those who were non-Medicare-eligible while providing a payment in lieu thereof of $125 a month; 4) increasing the co-pays for prescription drugs from $0 for generic and $3 for brand to $15 for generic, $40 for preferred brand and $60 for non-preferred brand; and 5) adding to the drug program an annual deductible of $100 and an annual maximum of $3,000. They sought: (1) injunctive relief requiring Honeywell to provide the Class with health care and life insurance benefits at pre-September 1, 2002 levels; (2) damages for the costs they incurred as a result of Honeywell's failure to provide these benefits at guaranteed levels; (3) damages for mental distress and

---

1 The defined terms set forth herein shall have the same meaning given to them in the Settlement Agreement.

anguish; and (4) attorney fees and costs. Honeywell filed cross-claims against Third-Party Defendants BAM, Motor Components, Mark IV, Purolator Products, and ArvinMeritor.

In May 2003 this litigation was transferred to this Court. On August 7, 2003 this Court granted a summary judgment on the issue of liability. 2003 WL 22103474. On September 19, 2003 this Court issued a preliminary injunction ordering Honeywell to comply with the Bendix guaranty. 2003 WL 23180220. On February 24, 2004 this Court certified the Class. On July 15, 2004 the United States Court of Appeals for the Second Circuit affirmed the summary judgment and the preliminary injunction of this Court but remanded for clarification and modification of the preliminary injunction with respect to the proper level of benefits and who should be covered by that relief. 376 F.3d 48 (2nd Cir. 2004). On August 27, 2004 this Court dismissed the Class members' request for mental distress damages. 2004 WL 1925490. On January 26, 2005 United States Magistrate Judge Marion W. Payson ordered the parties to the litigation to appear for a settlement conference and since that date has facilitated the settlement efforts. The parties reached a proposed Settlement Agreement dated _____ 2005.

The Class Members who brought this litigation have concluded that the proposed agreement is fair to and in the best interests of the Class and fully support the proposed agreement. While the Defendants continue to deny liability, they desire to settle the litigation on the basis proposed in the Settlement Agreement in order to put to rest all further controversy and to avoid the expense and distraction of further litigation. This Notice is not meant to imply that there has been any violation of law or that the Class could recover if this lawsuit were not settled.

### SUMMARY OF THE PROPOSED SETTLEMENT AGREEMENT

The Settlement Agreement will be in the form of an enforceable final Court order. A copy of the proposed Settlement Agreement is enclosed with this Notice. Class Members should

read it carefully.

Honeywell will continue to provide health care benefits to Class Members pursuant to the preliminary injunction until this Settlement Agreement is approved. As soon thereafter as is practicable, Honeywell will cover Class Members through the health insurance program provided for in the May 3, 2003 collective bargaining agreement between the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and Honeywell ("Honeywell program") with the following exceptions: (1) the co-payment per prescription (up to a 30 day supply) will be $2 for generic drugs and $4 for brand name drugs; (2) neither dental expense benefits, vision expense benefits nor hearing expense benefits will be provided; and (3) the contribution limits contained in Part VI of the May 3, 2003 agreement regarding insurance between Honeywell and the UAW (therein titled Exhibit B, at 61-63) will not apply. The Honeywell program provides substantially the same benefits as the pre-September 1, 2002 Motor Components program (full health insurance at no cost to the participant other than the co-pays for prescription drugs) with the exceptions that office visits are not covered and that the lifetime maximum is $1,000,000. All Class Members as determined by the Court will be eligible to participate in this program.

The FASB Medical Premium Caps and the 8% premium co-pay provided for in the October 23, 1995 and the October 23, 1998 collective bargaining agreements between Purolator Products Company and the UAW and in the October 18, 2001 extension agreement between Motor Components and the UAW will remain in effect for Class Members who retired under one of these agreements.

Honeywell will also pay the beneficiaries of all Class Members who have died since September 1, 2002 the amount of life insurance guaranteed by the Bendix Guaranty and will

4

provide life insurance coverage to all Class Members at the levels guaranteed by the Bendix Guaranty. If Class Members are not identified on Exhibits H or I relating to life insurance, or if Class Members believe that the amounts set forth in Exhibits H or I are incorrect, they should contact Class Counsel immediately.

Honeywell will provide the health care benefits described above at the level described above for the lives of the Class Members so long as persons continue to meet the definition of a Class Member. Any changes in the Honeywell program or any future such program through which Honeywell fulfills its commitments that affect the level of benefits will not apply to any Class Member. In no event will Honeywell charge any Class Member with any out of pocket expenses other than the $2/$4 prescription drug co-pays.

In addition, $800,000 will be paid into a fund to be used to reimburse Class Members for their claims for the cost of health care benefits (paid or owing) which would have been covered under the pre-September 1, 2002 Motor Components health program and the cost of purchasing any health insurance coverage duplicating in whole or in part the coverage which Motor Components had been providing which were not previously reimbursed by Honeywell or offset by the $125 a month payment paid by Motor Components. The claims will not include expenses attributable to mental or emotional distress. All claims for costs incurred for the period beginning January 1, 2004 will be paid at 100%. All claims for costs incurred between September 1, 2002 and December 31, 2003 will be paid at 90% if there are sufficient funds. If not, each claimant will be paid the same percentage share.

### HEARING

Pursuant to an order of the Court entered on _____, 2005, there will be a hearing before the Honorable Michael A. Telesca at the United States Courthouse, 100 State Street,

Courtroom 2720, Rochester, New York at ___ o'clock on _____, 2005 for the purpose of determining whether the proposed Settlement Agreement is fair, reasonable and in the best interests of the Class and whether it should be finally approved by the Court. The hearing may be adjourned from time to time by the Court without further notice.

**YOU ARE NOT REQUIRED TO COME TO THE HEARING. CLASS COUNSEL WILL ATTEND THE HEARING.** However, any member of the class may appear at the hearing and tell the Court why the proposed Settlement Agreement should not be approved. No person will be heard at the hearing unless he or she files written objections with the Court on or before _____, 2005, and by the same date sends a copy of the objections to: (a) Class Counsel: William A. Wertheimer, Jr., 30515 Timberbrook Lane, Bingham Farms, Michigan 48025; (b) Honeywell counsel: Joseph J. Costello at Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, Pennsylvania 19103; and (c) Mark IV counsel, John W. Allen, at Varnum, Riddering, Schmidt & Howlett, LLP, 251 Rose Street, Kalamazoo, Michigan 49007. Objections should bear the following heading: *LaForest v. Honeywell*, Civil Action No. 03-CV-6248T.

If, after the hearing, the Court determines that the proposed Settlement Agreement is fair, reasonable and in the best interests of the Class and enters a final Judgment approving it, that Judgment will be binding on all Class Members regardless of whether objections have been filed.

Date:_____                          _____
                                                Clerk of the Court