UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES LAFOREST, HENRIETTA LAFRINERE,
ROBERT LINTZ, RALPH MINER, LAVERNE
SPENCER and IRENE WESOLOWSKI,
individually and on behalf of
a class of persons similarly
situated,                                              03-CV-6248T

     Plaintiffs/Third-Party Plaintiffs,

         v.                                  **DECISION**
                                                       **and ORDER**
HONEYWELL INTERNATIONAL, INC.,
a Delaware corporation,

     Defendant/Third-Party Plaintiff,

         v.

MOTOR COMPONENTS LLC, BAM ENTERPRISES,
INC., MARK IV INDUSTRIES, INC., AND
ARVINMERITOR, INC.,

     Third-Party Defendants.
_____

## INTRODUCTION

    Plaintiffs, a group of retirees formerly employed by Bendix

Corporation ("Bendix") in Michigan and Elmira, New York, brought

this action seeking payment of retirement benefits guaranteed to

them by Bendix in a 1976 Guaranty agreement ("Guaranty").[1] For

determination is the plaintiffs' pending motion for an award of

attorneys' fees pursuant to the provisions of ERISA, 29 U.S.C. §

1132(g)(1). By Decision and Order dated December 11, 2003, this

_____

    [1]Plaintiffs brought this action against Honeywell International,
Inc. ("Honeywell"), alleging that Honeywell, as the successor in
interest to Bendix, failed to honor its obligations under the
Guaranty.

Court granted summary judgment in favor of the plaintiffs holding that they have a cognizable ERISA claim against Honeywell. Subsequently, the parties reached a settlement agreement except for costs and attorneys fees.  Plaintiffs now move for an award of $932,878 in attorneys' fees and $38,038.01 in costs.[2]  Honeywell argues that $391,536 more accurately reflects an appropriate fee award.  For the reasons discussed below, I find that $712,554.25 in attorneys' fees and $38,038.01. in costs is a reasonable award.

<u>**BACKGROUND**</u>

Due to the extensive activity in this case and the numerous decisions issued by this Court, it is presumed that the parties are familiar with the procedural and factual history of this case.

Plaintiffs initially commenced this action on August 28, 2002 in the U.S. District Court for the Eastern District of Michigan and was transferred to the Western District of New York on May 15, 2003. On December 11, 2003, this Court granted summary judgment in favor of plaintiff concerning their ERISA claim ("ERISA Decision"). On January 4, 2006, plaintiffs filed a motion for attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).[3]  Honeywell appealed

---

[2]Plaintiffs' counsel sought in their initial motion papers $956,553 in attorneys' fees and $38,688.01 in costs totaling $995,241.01.  However, counsel revised their request as shown in their reply brief in response to Honeywell's opposition.

[3]On December 21, 2005, this Court approved the Class Settlement and the Settlement Agreement which provided that the parties had not reached agreement regarding costs or attorneys' fees. Honeywell

the judgment of this Court on January 20, 2006 to the Second Circuit Court of Appeals. The Second Circuit subsequently dismissed the appeal for lack of appellate jurisdiction.

Plaintiffs argue that they are entitled to an award of attorneys' fees under 29 U.S.C. § 1132(g)(1) because they attained the relief they sought which required Honeywell to honor the commitment to the plaintiff retirees which assured them of lifetime medical and life insurance coverage which was a cognizable claim under ERISA. Honeywell still insists that this Court should reconsider its ERISA decision in that plaintiffs' claim is not cognizable under ERISA. Alternatively, Honeywell argues that this Court should reduce plaintiffs' requested fees and costs for reasons stated in its response papers.

## DISCUSSION

I. **This Court Will Not Revisit its ERISA Decision granting Summary Judgment in Favor of Plaintiffs on their ERISA claims**.

Honeywell devotes much time in arguing that the Guaranty, which was drafted by Bendix and executed April 1, 1976 is not an ERISA Plan and thus, this Court should "reconsider" its ERISA Decision. See Honeywell's Opp. Mem. at pp. 4-10; Honeywell's 10/25/06 Response Mem. at pp. 1-2. The parties have previously

---

reserved its right, including its rights on appeal, to dispute whether any attorneys' fees or costs are recoverable under 29 U.S.C. § 1132(g) as well as the reasonableness of any such award made by this Court.

fully briefed the issue whether the Guaranty at issue in this case qualifies as a cognizable claim under ERISA. This Court is not persuaded to alter or change in any way its previous decision that this is an ERISA case. I therefore decline Honeywell's invitation to reconsider this Court's earlier decision holding that plaintiffs have a cognizable claim under ERISA.

## II.   **Award of Attorneys' Fees and Costs**

ERISA provides for an award of attorneys' fees in the court's discretion.  29 U.S.C. § 1132(g)(1).  The statute provides that "[i]n any action under this subchapter...by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of the action to either party." Id. By its plain language, the statute does not require the party seeking fees to be a "prevailing party" (as is generally required in employment law fee-shifting statutes).  In fact, the Second Circuit has specifically held that §1132(g)(1) "contains no requirement that the party awarded fees be the prevailing party." Miller v. United Welfare Fund, 72 F.3d 1066 (2nd Cir. 1995).

Although the court has broad discretion in awarding fees and costs, that discretion is guided by five factors: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorney's fees; (3) whether an award of fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the

parties' positions; and (5) whether the action conferred a common benefit on a group of pension plan participants. <u>Chambless v. Masters, Mates & Pilots Pension Plan</u>, 815 F.2d 869, 871 (2nd Cir. 1987).

Plaintiffs contend that they have met all five factors. Honeywell asserts that two of these factors, namely culpability and deterrence, weigh against a full award for attorneys' fees and costs[4] and as such this Court should award an amount that is substantially less than that requested by plaintiffs.

### A.   Degree of Culpability or Bad Faith

Honeywell argues that it did not act with culpability or bad faith. While there was no specific finding of bad faith or culpable conduct on the part of Honeywell in the Court's prior decisions, Honeywell reluctantly complied with the Court's directives. Indeed, plaintiffs had to move for and obtain injunctive relief compelling Honeywell to comply. Moreover, Honeywell continued to economize on its obligations by refusing to provide a drug card so that retirees would not be required to pay up front for their prescriptions. This required plaintiffs to move for an order of this Court finding Honeywell in contempt in order to obtain compliance with this

---

[4]Because there is no dispute with respect to the three remaining enumerated factors, including ability to satisfy an award, relative merits of the parties' positions and whether the action conferred a common benefit on a group of retirees, this Court will only address the culpability and deterrence factors.

Court's order to provide prescription coverage for these elderly retirees as originally intended.  Thus, the first factor weighs in favor of the plaintiffs.

### B.   The Deterrent Effect

This factor also weighs in favor of the plaintiffs. Honeywell argues that a fee award will not deter those similarly situated given that Honeywell did not modify the benefits and it was merely a successor-in-interest to a 28 year old guaranty. Further, Honeywell asserts that it is inappropriate to award attorneys' fees as a form of punishment. Contrary to Honeywell's contentions, an award of fees may deter defendants that are similarly situated to Honeywell and other plan fiduciaries who do not honor clear and unambiguous contractual obligations because it is not in their economic interest to do so.  A promise is a promise which in this case was very clear that the plaintiffs were guaranteed benefits by Bendix on April 1, 1976 and that Honeywell is the corporate successor in interest to Bendix and obligated to fulfill that promise.

### III. <u>Reasonableness of Fees and Costs</u>

Attorneys' fees are awarded based upon a determination of the number of hours reasonably expended multiplied by a reasonable hourly rate.  This calculation is commonly known as the "lodestar." See <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983) ("The most useful starting point for determining the amount of a reasonable

fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); See also Anderson v. Rochester-Genesee Reg. Transp. Auth., 388 F.Supp.2d 159, 163 (W.D.N.Y. 2005). The court must also consider the "critical factor" of the "results obtained" and adjust the lodestar upward or downward accordingly. See Id; Blum v. Stenson, 465 U.S. 886, 895, n.11 (1984) (court must "exclude from ... initial fee calculation hours that were not `reasonably expended,'" and should adjust the "lodestar" if court determines that the requested fee is not reasonable).

In addition, with respect to the attorney's requested hourly rate,

> the burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.

Hensley, 461 U.S. at 433; Seitzman v. Sun Life Assurance Co. of Canada, Inc., 311 F.3d 477, 487 (2d Cir. 2002). Moreover, a district court's evaluation of a fee petition is afforded ample discretion, because as the Second Circuit has noted, "the district court has the best vantage point from which to assess the skill of the attorneys and the amount of time reasonably needed to litigate a case." Chambless, 885 F.2d at 1057-58.

## A.    Number of Hours Expended

In determining whether the number of hours expended was reasonable, the court must exclude any hours that were "excessive, redundant, or otherwise unnecessary." See Hensley, 461 U.S. at 434; New York Ass'n for Retarded Children v, Carey, 711 F.2d 1136, 1146 (2d Cir. 1983). In deciding whether time was "reasonably expended," the court must ask whether the attorney exercised "billing judgment." See Anderson, 388 F.Supp.2d at 163. Further, the court should also exclude any hours dedicated to severable, unsuccessful claims.  Quaratino v. Tiffany & Co., 129 F.3d 702 (2d Cir. 1997). Attorneys' fees may be awarded, however, for unsuccessful claims if they are "`inextricably intertwined' and 'involve a common core of facts'" Id. at 705, quoting Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1183 (2d Cir. 1996).

Honeywell concedes that plaintiffs' counsel are entitled to an award of attorneys fees and costs. However, Honeywell claims that plaintiffs' fee request is excessive and unreasonable, and should be reduced by the Court. Honeywell points to several deficiencies in plaintiffs' request: (1) plaintiffs have failed to maintain or produce contemporaneous time records; (2) plaintiffs' counsel did not exercise "billing judgment" in that partner-level attorneys failed to properly delegate work to associates and paralegals; (3) plaintiffs' counsel used blocked time entries making it impossible to assess reasonableness of time expended for each task;

and (4) the travel time requested by plaintiffs was excessive and must be reduced by 50%. Each of these claims is examined below.

### 1.   The Lack of Contemporaneous Time Records

Honeywell argues that this Court should disallow all time incurred for which plaintiffs' counsel have failed to maintain contemporaneous time records because Second Circuit caselaw requires plaintiffs' counsel to provide contemporaneous time records specifying relevant dates, hours spent, and work performed. See Carey, 711 F.2d at 1146 (Second Circuit law provides that attorneys who apply for compensation must document the application with contemporaneous time records); see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 148, 1160 (2d Cir. 1994). Plaintiffs argue that the Second Circuit rule has exceptions and that this case has unique circumstances. In addition, plaintiffs have produced reconstructed time records based on their after-the-fact review of the work they did in this case.

When considering the issue of lack of contemporaneous time records, it is important to note that this litigation was initially commenced in the U.S. District Court for the Eastern District of Michigan. It was transferred to the Western District of New York on May 15, 2003. With this in mind, it is useful to break down the fee request into three categories: (1) time claimed prior to May 15, 2003; (2) time claimed from May 15, 2003 through August 10, 2003; and (3) time claimed from August 11, 2003 to December 31, 2005.

The justification for categories (2) and (3) is that beginning in August 2003, plaintiffs' counsel eventually started keeping contemporaneous records.[5]

With respect to the first period (that is, prior to the case being transferred to this District on May 15, 2003), it would be inappropriate to apply the standards of the Second Circuit for legal services performed while the case was pending in the Eastern District of Michigan. Thus, I will determine the appropriate fee award in accordance with the applicable law in the Sixth Circuit.

Plaintiffs argue that the Sixth Circuit follows the majority rule that contemporaneous records are not a prerequisite to substantiate a fee award and that hours spent may be proved by reconstruction of time records or by other adequate evidence. See Plaintiffs' Mem. at 9. While not as strict as the Second Circuit requirements, the Sixth Circuit still emphasizes the importance of keeping contemporaneous records. For instance, in Kelley v. Metro. County Bd. of Educ., 773 F.2d 677, 683-84 (6th Circuit 1985), the Sixth Circuit approved a 10 percent overall reduction in a case where the attorneys failed to keep contemporaneous time records and thus had to reconstruct them from memory. The Circuit Court

---

[5]Attorney Wertheimer kept contemporaneous time records from March 31, 2003 through August 1,2003 on an hourly basis as part of his private practice. Wertheimer Decl. par. 16. However, there were no contemporaneous time records from August 2, 2003 to November 30, 2003. He resumed keeping contemporaneous hours at the UAW beginning December 1, 2003.

concluded that the 10 percent reduction was reasonable and should not be disturbed. See id.; see also Americans United for Separation of Church and State v. Sch. Dist. of the City of Grand Rapids, 717 F.Supp. 488, 494 (W.D. Mich. 1989) (reducing the hours claimed by 10% because they were after-the-fact estimates which lacked the precision required for full compensation).

Applying Sixth Circuit law for the period prior to May 15, 2003, this Court will reduce the award by 10% based on the lack of contemporaneous time records.

As to the time claimed during the second period from May 15, 2003 through August 10, 2003, Second Circuit law must apply. The Second Circuit requires that fee applicants maintain contemporaneous records. See Carey, 711 F.2d at 1146; Cruz, 34 F.3d at 1160 (court held that a typed listing of attorneys' hours from their computer records "f[ell] sufficiently within the meaning of 'contemporaneous,'" since the attorneys had kept contemporaneous records, and their documentation was based on those records.) Only Attorneys Wertheimer and McClow kept contemporaneous time records for this period and as such, only their fee requests will be considered.  Because Attorneys Ganantra and Grafton did not keep contemporaneous records during the period from when this case was transferred to this Court until August 10, 2003, no fees will be awarded for their time claimed during that period.  This is consistent with the Second Circuit's clear requirement that "no

11

attorneys' fees c[an] be collected" if the application does not meet the standard set forth in Carey. See Ward, 899 F.Supp. at 130; Sheehan v. Metro. Life Ins. Co., 2006 WL 2463550 *1 (S.D.N.Y. 2006).

For the third period of time from August 10, 2003 to December 31, 2005, plaintiffs' counsel has complied with this Circuit's requirement and has kept contemporaneous time records and, therefore, this Court will consider plaintiffs' counsel's fee application for this period.

### 2.    "Billing Judgment" and the Delegation Issue

Honeywell argues that this Court should apply a 33% reduction to the total hours claimed by attorneys Wertheimer and McClow because of their failure to delegate proper work to associates. Plaintiffs counter Honeywell's arguments by contending that Wertheimer and McClow worked on the case because they had more experience with a case of this type and thus it was more economical for them to do the bulk of the work rather than delegate to associates who would need to be brought up to speed on multiple complex issues. Based on the complexity of the issues involved, it appears that plaintiffs' counsel used proper billing judgment and delegated their work appropriately by utilizing associates and paralegals when necessary.  Thus, I will not reduce neither Wertheimer nor McClow's hours by 33%.

### 3.   Blocked Time Entries

It is well settled in this Circuit that in evaluating the reasonableness of a sizeable fee application, a court need not examine each and every billing entry.  <u>Carey</u>, 711 F.2d at 1146. The court may, instead, reduce a fee request on a percentage basis where a reduction is warranted.

Honeywell correctly points out that a number of plaintiffs' counsel's billing entries are vague.   This Court spent a considerable amount of time reviewing the billing affidavits submitted by counsel in order to evaluate the services performed. For instance, there were numerous block entries of telephone conversations and meetings that were billed without identifying the subject matter of those conversations.  In other entries, review of "discovery responses" or "files" were billed without explanation. Under these circumstances, it is impossible to determine whether those hours were duplicative or were justifiably billed.  These trends were apparent in each attorney's billing affidavit and a reduction in claimed hours is therefore justified.

### 4.   Travel Time

There does not appear to be disagreement with respect to compensation for travel time.  Plaintiffs' counsel agreed to Honeywell's request of a 50% reduction to the travel time of Attorneys McClow, Ganatra and Trafton.  With respect to Attorney Wertheimer's travel time, this Court agrees that each of the eleven

entries at issue be considered as travel for eight hours (for each way) for a total of 88 hours at the 50% rate.

### IV.  Costs

Honeywell contended that this Court should disallow most of plaintiffs' requested costs due to lack of documentation. However, subsequent to Honeywell's argument, plaintiffs' counsel provided counsel for Honeywell with documentation for expenses incurred by Attorney Wertheimer that had not been previously produced by letter dated February 8, 2006. Plaintiff also provided an e-mail dated February 13, 2006 to Honeywell detailing Attorney McClow's expenses.  To date, Honeywell has not objected to those submitted expenses.  Thus, the Court will grant plaintiffs' counsel's request for costs in the amount of $38,038.01.

### V.   Rate of Compensation

Calculation of the lodestar requires the court to determine the "prevailing market rates" for the type of services rendered by determining the "fees that would be charged for similar work by attorneys of like skill in the area." Orchano v. Advanced Recovery, Inc., 107 F.3d 94 (2nd Cir. 1997). With respect to the hourly rate, the burden is on the fee applicant to produce satisfactory evidence. See Blum, 465 U.S. at 895. Moreover, a reasonable hourly rate is a rate "in line with ... prevailing [rates] in the community for similar services by lawyers of reasonably comparable

skill, expertise and reputation." See Blum, 465 U.S. at 895 n.11; Chambless, 885 F.2d at 1058-59.

Plaintiffs' request an hourly rate of $300 for lead counsel Wertheimer and McClow and $200 for associates Ganatra and Trafton. Plaintiffs also request an hourly rate of $70 for the paralegal work performed by the McClow law firm. Plaintiffs have cited a case decided in June 2006 entitled McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, where the Second Circuit affirmed a district court award of ERISA attorney fees at an hourly rate of $325 to a sole practitioner. However, that case was litigated in the Southern District of New York where the prevailing rates by lawyers are higher when compared to the Western District of New York. Further, a district court may use its knowledge of the relevant market when determining the reasonable hourly rate. See Assoc. for Retarded Citizens of Connecticut, Inc. v. Thorne, 68 F.3d 547, 554 (2d Cir. 1995); Miele v. New York State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987) (Second Circuit held that "a judge may rely in part on [his] own knowledge of private firm hourly rates in the community").

While the rates requested do not appear exorbitant, I believe that a reduction is warranted, and accordingly will award fees to Attorneys Wertheimer and McClow at the hourly rate of $250 and fees to Attorneys Ganatra and Trafton at the hourly rate of $160. Since there is no dispute with respect to the hourly rate for the

paralegal hours that rate remains at $70 and the total award for paralegal fees is $70,553.

**CONCLUSION**

Plaintiffs having moved for an award of attorneys' fees, it is hereby ORDERED that plaintiffs' motion is granted as follows:

First period: commencement of case until the transfer to this District on May 15, 2003.

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| William A. Wertheimer, Jr. | $250.00 | 641 | $160,250 |
| Niraj Ganatra | $160.00 | 281 | $44,960 |
| Catherine J. Trafton | $160.00 | 16.5 | $2,640 |
| | | **SUB-TOTAL** | $207,850 minus 10% = $187,065 |
| Roger J. McClow | $250.00 | 5 | $1,250 - no reduction |
| William A. Wertheimer, Jr. | $250.00 | 300 | $75,000 - no reduction[6] |
| | | **TOTAL** | **$263,315** |

Second Period: time claimed from May 15, 2003 through August 10, 2003.

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| William A. Wertheimer, Jr. | $ 250.00 | 310 | $77,500 |
| Roger J. McClow | $ 250.00 | 1.25 | $312.50 |

---

[6]Both Wertheimer and McClow had contemporaneous time records for certain period of time as reflected by the number of hours on the chart.

| | | | |
|---|---|---|---|
| Niraj Ganatra | No contemporaneous time records and thus no fees will be awarded. | | |
| Catherine J. Trafton | | | |
| | | **TOTAL** | **$77,812.50** |

Third Period: time claimed from August 11, 2003 up to December 31, 2005.

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| William A. Wertheimer, Jr. | $250.00 | 471.25[7] | $117,812.50 |
| | $250.00 | 22[8] | $5,500 minus 10% reduction = $4,950 |
| Roger J. McClow | $250.00 | 607 | $151,750 |
| | $250.00 | 49.25[9] | $12,312.50 minus 10% reduction = $11,081.25 |
| Niraj Ganatra | $160.00 | 95.5 | $15,280 |
| Catherine J. Trafton | No billing for this period. | | |
| | | **TOTAL** | **$300,873.75** |

---

[7]The hours start from December 1, 2003 since that is when Wertheimer began keeping contemporaneous hours at the UAW. There were no contemporaneous time records from August 2, 2003 to November 30, 2003.

[8]Represents the number of hours where this Court determined the billing rate for the blocked entries should be reduced by 10%. The dates for these entries are as follows: 1/20/05, 1/21/05, 1/25/05, 2/21/05, 6/23/05, 9/14/05 and 12/15/05.

[9]Represents the number of hours where this Court determined the billing rate for the blocked entries should be reduced by 10%. The dates for these entries are as follows: 12/23/03, 1/09/04, 1/15/04, 1/21/04, 2/06/04, 4/19/04, 5/18/04, 8/03/04 and 11/11/04.

I find that $712,554.25 is a reasonable attorneys' fee award. Plaintiffs are also entitled to recover their costs of $38,038.01. Both the attorneys' fee award and costs, totaling $750,592.26, shall be paid by Honeywell to the plaintiffs in compliance with this Decision and Order and for the reasons stated herein.

ALL OF THE ABOVE IS SO ORDERED.


                               <u>  s/Michael A. Telesca  </u>
                                 MICHAEL A. TELESCA
                        United States District Judge

Dated:    Rochester, New York
          December 1, 2006