UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES LAFOREST, HENRIETTA LAFRINERE, ROBERT LINTZ, RALPH MINER, LAVERNE SPENCER and IRENE WESOLOWSKI, individually and as a class of persons similarly situated,<br>Plaintiffs,<br>v.<br>HONEYWELL INTERNATIONAL INC., a Delaware Corporation,<br>Defendant/Third-Party Plaintiff,<br>v.<br>MOTOR COMPONENTS LLC, BAM ENTERPRISES, INC., MARK IV INDUSTRIES, INC., AND ARVINMERITOR, INC.,<br>Third-Party Defendants. | Civil Action No. 03-CV-6248<br><br>Judge Michael A. Telesca<br>Magistrate Judge Marian W. Payson |

## STIPULATED AGREEMENT ON ATTORNEYS' FEES AND COSTS

This Stipulated Agreement on Attorneys' Fees and Costs ("Agreement") is between Plaintiffs/Class Representatives James LaForest, Henrietta LaFrinere, Robert Lintz, Ralph Miner, Laverne Spencer and Irene Wesolowski (collectively "Plaintiffs") and Defendant Honeywell International Inc. ("Honeywell").

**WHEREAS**, on or about August 28, 2002, Plaintiffs, individually and as a class of persons similarly situated (the "Class"), initiated a legal action against Honeywell captioned LaForest et al. v. Honeywell International Inc., No. 02-CV-73463, in the U.S. District Court for the Eastern District of Michigan, which was subsequently transferred to the U.S. District Court for the Western District of New York (the "Court"), No. 03-CV-6248T (the "Action"); and

1

**WHEREAS**, in the Action, Plaintiffs and the Class were represented by William A. Wertheimer, Jr. and Klimist, McKnight, Sale, McClow and Canzano; and

**WHEREAS**, in the Action, the Class asserted claims against Honeywell based upon a Guaranty issued by Bendix Corporation on April 1, 1976 under Section 301 of the Labor Management Relations Act and the Employee Retirement Income Security Act ("ERISA"); and

**WHEREAS**, on December 11, 2003, the Court granted the Class summary judgment against Honeywell based upon the ERISA claim ("December 11, 2003 Decision"); and

**WHEREAS**, on December 1, 2006, the Court entered an order awarding $750,592.26 in fees and costs to Plaintiffs ("December 1, 2006 Order"); and

**WHEREAS**, on April 19, 2007, the Court entered an order approving a stipulated settlement agreement regarding attorneys' fees, which provided, *inter alia*, that the parties agreed that Honeywell would obligated to make the payments described therein, reflecting Plaintiffs' entire claim for attorneys' fees, if and only if the United States Court of Appeals for the Second Circuit holds that Plaintiffs have a cognizable ERISA claim and are entitled to attorneys' fees and costs, and Honeywell's subsequent petitions for *en banc* review to the Second Circuit and/or *certiorari* to the United States Supreme Court, if any, have been denied or adjudicated in Plaintiffs' favor; and

**WHEREAS**, on June 18, 2009, the Second Circuit vacated the December 1, 2006 Order, and remanded the matter to the Court to analyze whether an attorneys' fee award is justified based solely on the ERISA claim; and

**WHEREAS**, the parties desire to finally and definitively resolve all claims that Plaintiffs and the Class have asserted against Honeywell for attorneys' fees and costs incurred in

connection with the Action.

**NOW, THEREFORE, IT IS HEREBY AGREED**, by and among the parties, that:

1. This Agreement resolves all claims that Plaintiffs and the Class have asserted against Honeywell for attorneys' fees and costs incurred in connection with the Action.

2. Plaintiffs hereby withdraw, with prejudice, all pending motions for attorneys' fees and costs (including but not limited to Dkt Nos. 507 and 560).

3. On the later of November 15, 2009, or three (3) business days following approval of this Agreement by the Court, Honeywell will pay $400,000.00 in three checks, as follows: $40,000.00 to "William A. Wertheimer, Jr., counsel for Plaintiffs" (Tax I.D. number 38-2909412), $56,000.00 to "Klimist, McKnight, Sale, McClow and Canzano, counsel for Plaintiffs" (Tax I.D. Number 38-2237190), and $304,000.00 to the "International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)" (Tax I.D. Number 38-0679801).

4. By entering into this Agreement, Plaintiffs acknowledge that the $400,000.00 payment described in paragraph 3 of this Agreement represents the full extent of Honeywell's liability, if any, to them and to the Class with respect to the past, present and future attorneys' fees and costs incurred in connection with the Action.

5. Honeywell continues to deny any wrongdoing or legal liability arising out of the claims asserted against them in the Action. Neither this Agreement, nor any action effectuating this Agreement, may be construed as an admission of wrongdoing or liability by Honeywell.

6. A copy of this Agreement shall be considered as valid and binding as an original.

3

7.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the parties execute the foregoing Agreement.

For Plaintiffs and the Class:

By: _____
William A. Wertheimer, Jr.
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200

Date: 10/26/09

By: _____
Klimist, McKnight, Sale,
McClow and Canzano
400 Galleria Office Centre
Suite 117
Southfield, MI 48034

Date: 10/26/09

For Honeywell:

By: _____
Joseph J. Costello
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Date: 11/2/09

Approved by the Court:

_____ USDJ
Telesca, J.    11/5/09

4